JACOB SCHUSTER, Jr., PLAINTIFF AND APPELLEE, v. EMIL ARENA, DEFENDANT AND APPELLANT.

Argued February 21, 1912—Decided September 4, 1912.

1. An illegal restraint of a person's liberty, whereby he is induced to perform an act to procure his deliverance, is duress of imprisonment.
2. The surety may avoid a bond, if at the time it is executed the principal is under duress of imprisonment and is held without lawful process.

On appeal from the District Court of the first judicial district of the county of Hudson.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, A. Orestes Ciccarelli and Leon Abbett.

For the appellee, Charles W. Kappes.

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment for $300, and costs, in favor of the plaintiff, rendered by the judge of the District Court, sitting without a jury, in a suit upon a bond.

The pertinent facts are, briefly stated, as follows: In September, 1911, the plaintiff, Schuster, recovered a judgment in the District Court for $136.50 against one Frank J. Razim. On October 2d, 1911, an execution against goods and chattels was issued on that judgment, and, on October 10th, 1911, was returned "wholly unsatisfied." On October 20th, 1911, the judge of the District Court made an order "that execution do issue in the above stated action against the goods and chattels of the said Frank J. Razim, and for want of sufficient goods and chattels, against the body of the said Frank J. Razim."

No such execution was ever issued, yet the constable of the

District Court took Razim into custody, and finally took him to the office of a scrivener.

Razim, while there and still in custody, procured the attendance of Emil Arena, the appellant in the case at bar, and a bond was finally drawn by the scrivener and signed by Razim and Arena, and Razim was released from custody by the constable.

The condition set forth in the bond is as follows: "If the said Frank J. Razim shall, on or before the twenty-seventh day of November, 1911, pay to the above named Schuster the sum of one hundred and thirty-six 50-100 dollars ($136.50), the amount of the judgment heretofore recovered against him of September twenty-ninth, 1911, in the District Court of the first judicial district in the county of Hudson, together with the interest thereon and the costs of action, and also the cost and charges of counsel of said Schuster thereon, then this obligation shall be void, or should the said Razim fail to pay such sums at such times, then the said Emil Arena will deliver the body of said Razim to the constable of the said court under a body execution now issued against the said Razim, then this obligation to be void, otherwise it shall be and remain in full force."

Razim did not pay the judgment, nor was his body surrendered or delivered as provided for in the condition of the bond, and Schuster thereupon instituted this suit, and the judgment under review was rendered therein.

Several reasons have been assigned and argued why the judgment should be reversed, but upon examination of the record we find that many of them were not raised at the trial.

But one reason was raised at the trial, and it is this: that the bond was obtained by duress.

We are of opinion that this objection was well taken.

Assuming that the plaintiff had a right to a body execution against Razim under the District Court act (*Com. Stat., p.* 2006, § 178 *et seq.*), yet he did not have one, as it appears that none was issued. The arrest of Razim was, therefore, without lawful process. Such an illegal restraint of a person's liberty, whereby he is induced to perform an act to procure

his deliverance, is duress of imprisonment. 10 *Am. & Eng. Encycl. L.* (2d ed.) 321, 322.

The question remains whether the defendant in this action, the surety on the bond given while Razim was thus illegally imprisoned, and to procure his discharge, can avoid it. We think that question must be answered in the affirmative. The rule is that the surety may avoid a bond if at the time it is executed the principal is under duress of imprisonment and is held without lawful process. 10 *Am. & Eng. Encycl. L.* (2d ed.) 332, and cases there cited.

The result is that the judgment in favor of the plaintiff must be reversed, and the defendant may enter judgment in his favor, with costs, under *Pamph. L.* 1902, *p.* 565, as amended *Pamph. L.* 1910, *p.* 236, regulating District Court appeals.